**Robert E. MORGAN, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 6877.

United States Court of Appeals First Circuit.

Heard May 2, 1967.

Decided May 16, 1967.

William J. Carr, Boston, Mass., by appointment of the Court, for appellant.

John Wall, Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

The defendant, upon request, came to the office of the Internal Revenue Service to discuss his income tax returns. At the interview he was warned by the agents of his right to remain silent, and that anything he said might be used against him. Nothing was said on the subject of counsel. Along with other things not subsequently relevant, defendant acknowledged to the agents that a signature on a certain application for a driver's license was in fact his. Thereafter he was indicted and this signature was introduced against him at the trial as a specimen for handwriting comparison.

The defendant's sole contention on this appeal is that the agents' failure to ad-

vise him of a right to counsel before eliciting the statement in question requires its exclusion under Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. In *Miranda* the Court stated as the holding of the case,

> "[T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." 384 U.S. at 444, 86 S.Ct. at 1612.

Equally, the background of *Miranda* demonstrates that it was the product of the Court's concern with the difficulty of protecting persons in the custody of the police from coercive interrogation tactics carried on in secret. See Developments in the Law—Confessions, 79 Harv. L.Rev. 935, 954–1022 (1966). That, of course, is not this case. Defendant makes no assertion, nor could he, that he was not free to walk out of the Internal Revenue office at any time. Nor is there any suggestion of trickery or fraud.

There must be reasonable limits to the solicitude required of the government. Defendant would have it appear that it would have been a simple matter to have informed him that he was entitled to counsel. This, however, is no easy solution to what, if the defendant is correct, is a very far reaching question. If the government were obliged to inform a defendant that he was entitled to counsel, presumably it would equally be obliged to supply one if he was financially disabled.

 In a *Miranda* situation there may be thought to be a very real need for counsel. But to say that a government agency must be prepared to suggest, and perhaps supply, counsel at every turn that it asks questions of someone, in addition to advising that there is no need to answer and warning of the possibility of self incrimination, we think goes far beyond any principle of fundamental fairness, and would be an uncalled-for departure. To some extent persons must be prepared to look after themselves. Mathis v. United States, 5 Cir., 376 F.2d 595, 4/28/67. Insofar as any force now remains in United States v. Kingry, N.D.Fla., 1967, 19 Am.Fed.Tax R.2d 762, we decline to follow it.

Affirmed.