UNITED STATES of America

v.

Dale E. DUDGEON, an individual trading as Vet Pro.

Crim. A. No. 67-278-M.

United States District Court
D. Massachusetts.

Dec. 6, 1967.

Paul F. Markham, U. S. Atty., Stanislaw R. J. Suchecki, Asst. U. S. Atty., Dept. of Justice, Boston, Mass., for the Government.

John H. Green, Lynn, Mass., for defendant.

## MEMORANDUM

MURRAY, District Judge.

This matter came on to be heard on defendant's motion to suppress evidence obtained by inspectors of the United States Food and Drug Administration from the defendant. The evidence includes certain statements made by defendant to an inspector in response to questions addressed to him (defendant), certain information gleaned by the inspector from examining copies of invoices exhibited to him by the defendant, three packets of a veterinary drug labeled "Golden Formula 100" and defendant's letter which is more particularly described hereafter. At the hearing on the motion, the inspector, Edward J. McDonnell, and another inspector, Doyle Smith, were the only witnesses.

The facts are not complex. McDonnell was assigned the duty of investigating the effectiveness of a recall by Rhinecliff Laboratories, a Los Angeles, California manufacturer of a veterinary drug known as "Corti-Plast," following Government's revocation of certificate issued to it as manufacturer, which authorized sale of the Corti-Plast. The defendant was a distributor of Corti-Plast under his own label, Golden Formula 100. McDonnell visited defendant at the latter's place of business and inquired whether defendant had received the recall letter and if he had complied with it. Defendant admitted receiving the letter and showed the same to McDonnell, and also admitted that he returned to the manufacturer only a part of the Corti-Plast on hand on receipt of the letter. Defendant further admitted he had continued to supply Corti-Plast to some of his customers after receipt of the letter, and exhibited to McDonnell copies of certain invoices showing these shipments. All of this conversation took place at defendant's place of business at Ipswich, and defendant responded willingly and readily to the inquiries put to him.

McDonnell reported all of the information he had received from defendant and from examination of the invoices to his supervisor. Thereafter, acting on information disclosed by the invoices, inspectors of the Food and Drug Administration seized three packets of Golden Formula 100 from customers of the defendant as follows:

1. A packet was seized in Amesbury, Massachusetts, from one Woodsom on November 21, 1966.

2. A packet was seized in New Jersey from one Stan Cross on November 28, 1966.

3. A packet was seized in upper New York State from one Robert Mace on November 29, 1966.

The United States Food and Drug Administration sent a letter to defendant January 20, 1967, giving notice of a hearing to be held January 31, 1967, in which it was stated that defendant would be afforded an opportunity to give his views of the alleged violations of the Federal Food, Drug and Cosmetic Act with respect to the shipments of the packets of Golden Formula 100 referred to above. Defendant did not appear at the hearing. The defendant replied to the notice by letter to the Food and Drug Officer of the Boston District, dated January 28, 1967, in which he stated that "[t]hrough outright stupidity and poor procedures, some of this old GOLDEN FORMULA was sold before it was packed up for return. * * *" This is the letter defendant seeks to have suppressed.

Defendant rests his motion to suppress on the grounds that the proce-

dures of McDonnell violated defendant's rights under the principles enunciated in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), in that defendant at time of interrogation was given no warnings of his right against self-incrimination or his right to counsel and that, as a result, his oral statements, all information gleaned by McDonnell by examination of the invoices, the seizures from defendant's customers, and his letter of January 28 are tainted by McDonnell's conduct. But when defendant was interrogated by McDonnell, he was neither in custody under arrest nor under any detention imposed by the inspector.[1] No coercion was employed by McDonnell in eliciting the statements from the defendant or examining the invoices. He was not compelled to answer any inquiries directed to him by McDonnell or to exhibit the invoices. This is not a case where defendant, in custody of police or a law enforcement officer having power to arrest, was subjected to interrogation designed to elicit from him as the prime suspect of a crime incriminating statements, Escobedo v. State of Illinois, supra at 490–492, 84 S.Ct. 1758, nor one of interrogation by law enforcement officers of the defendant after he was "taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda v. State of Arizona, supra at 444, 86 S.Ct. at 1612. Hence, the evidence is not subject to exclusion on the grounds that it was elicited through or is the fruit of a custodial interrogation of the kind ruled unconstitutional in the cases cited.

■ Defendant also argues that even if he is found not to have been in custody the statements and fruits thereof are not admissible because the statements were taken from him without first giving him cautionary warnings when McDonnell had reasonable cause to suspect him of violating the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq. particularly § 331(k) [count I], and § 331(a) [counts II, III]. In substance defendant asks this court to rule that, absent the cautionary warnings enunciated in *Miranda,* statements elicited by questions directed to him when he was *not* in custody are not admissible. But no rule of evidence or other principle of law enunciated in this Circuit prior to *Miranda* required the exclusion of evidence on the sole ground that it was elicited by a law enforcement officer from a suspect who had not been given the cautionary warnings. In recent cases in this Circuit, decided since *Miranda,* where cautionary warnings were not given in noncustodial interrogations, the exclusionary rule of *Miranda* has been held *not* applicable. Spinney v. United States, 385 F. 2d 908. Appeal Docket No. 6910 (1st Cir., decided Nov. 16, 1967); United States v. Schlinsky, 261 F.Supp. 265 (D. Mass.1966), affirmed 379 F.2d 735 (1st Cir. 1967), cert. denied, 389 U.S. 920, 88 S.Ct. 236, 19 L.Ed.2d 265 (U.S. Oct. 23, 1967); Morgan v. United States, 377 F.2d 507 (1st Cir. 1967); United States v. Davis, 259 F.Supp. 496 (D.Mass.1966). Accordingly, the statements, the information gleaned from examination of the invoices, and the packets are not subject to exclusion for failure to give the warnings here.

Defendant's letter of January 28, voluntarily sent by him to Mr. D. R. Kleber, Jr., Food and Drug Officer of the Boston District of the Food and Drug Administration, is likewise not subject to the exclusionary rule on any of the grounds urged by defendant.

The motion is hereby denied.

---

1. In fact the inspector had no authority to make an arrest.