**UNITED STATES of America**

v.

**William F. LEAHEY et al.**

**Crim. No. 69–320–G.**

United States District Court,
D. Massachusetts.

June 2, 1970.

Willie J. Davis, Asst. U. S. Atty., Boston, Mass., for the United States.

Thomas M. Mawn, Jr., Woburn, Mass., for defendant Alice Leahey.

James F. Linnehan, Boston, Mass., for defendant William F. Leahey.

MEMORANDUM AND ORDER ALLOWING ALICE LEAHEY'S MOTION TO SUPPRESS

GARRITY, District Judge.

Defendant Alice Leahey's motion to suppress [1] was accompanied by an affidavit and a memorandum of facts and law. The court ordered that prior to hearing Government counsel file a memorandum in response. The Government's memorandum states in part:

"During the course of the investigation by Internal Revenue Agents which led to the indictment of the de-

---

1. Codefendant William F. Leahey did not file a motion to suppress.

fendants, it is alleged by the defendants that they were interrogated by the agents but that no warnings concerning Constitutional rights were given at any time. The Government does not concede that this is so, but rather the Government takes the position that such warnings were not necessary during the course of the investigation."

At the hearing Government counsel readily stipulated to the truth of the facts alleged in the affidavit supporting the motion and in defendant's memorandum of facts and law.

While the stipulated facts are at best vague and incomplete, it does appear and the court finds that on their initial contact with the taxpayer the special agents assigned to the case identified themselves only as special agents and neither of them said, as required by I.R.S. News Release No. 897 dated October 3, 1967, "As a special agent I have the function of investigating the possibility of criminal tax fraud." Also, on September 17, 1968 when special agents telephoned the defendant and then picked up bank statements and books at her home, they did not advise her of her constitutional rights to remain silent and to retain counsel. At this time the defendant had not engaged counsel. The first time defendant was warned of her constitutional rights was on March 10, 1969 at a formal interview by an Intelligence Division group supervisor.

The memorandum filed in support of defendant's motion quoted from the I.R.S. News Release of October 3, 1967 and cited United States v. Heffner, 4 Cir., 1969, 420 F.2d 809,[2] which holds that the doctrine of United States ex rel. Accardi v. Shaughnessy, 1954, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681, applies to investigations of possible criminal tax frauds by special agents of the Intelligence Division and that failure of special agents to follow the instructions issued October 3, 1967 constitutes a violation of due process requiring exclusion of evidence obtained in violation of the instructions.

The memorandum of law filed by the Government does not allude to this contention of the defendant but rather cites numerous cases all of which deal with tax fraud prosecutions based upon special agents' investigations which were concluded previous to October 3, 1967, e. g., Morgan v. United States, 1 Cir., 1967, 377 F.2d 507, Frohmann v. United States, 8 Cir., 1967, 380 F.2d 832. In the court's opinion these decisions have been superseded by the new instructions to the extent that they are relevant to the facts of a particular case.

Accordingly, defendant's motion is allowed and it is ordered that information and books and records obtained from defendant Alice Leahey on the occasion of the first visit by special agents to her home and on their subsequent visit on September 19, 1968, and other evidence derived therefrom, be suppressed in the case against defendant Alice Leahey.

2. There is no indication in Law Week that the Government petitioned for a writ of certiorari in the *Heffner* case.