**UNITED STATES of America, Plaintiff,**

v.

**NEW ENGLAND GROCER SUPPLY CO. et al., Defendants.**

Cr. No. 76–368–C.

United States District Court,
D. Massachusetts.

Dec. 13, 1977.

U. S. Atty. Edward F. Harrington and Asst. U. S. Atty. Walter B. Prince, Boston, Mass., for the United States.

Albert F. Cullen, Jr., Herbert N. Goodwin and Patricia G. Curtin, Boston, Mass., for defendants.

48

## MEMORANDUM

CAFFREY, Chief Judge.

This is an appeal by the United States from a ruling of the Magistrate which ordered the suppression of certain evidence seized during an inspection of defendant's premises made in June of 1975. A seven-count Information charges one corporate and six individual defendants with allowing food being held for sale to become adulterated in violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301, et seq. The offenses allegedly occurred between October, 1974, and May, 1975. The Information alleges that two Federal Drug Administration (FDA) inspections of defendant corporation's warehouse revealed rodent infestation in violation of 21 U.S.C.A. § 331(k).

On February 10 and 17, 1977, all defendants waived their right to jury trial in the District Court and elected to be tried by the United States Magistrate pursuant to 18 U.S.C.A. § 3401. The defendants thereafter moved to suppress (1) all written and oral statements and (2) all evidence obtained as a result of the two inspections, the first of which occurred in January, 1975 and the second the following June. After a hearing on the motions, the Magistrate issued a Memorandum and Order on September 1, 1977, in which he denied the motions to suppress in regard to the January, 1975, inspection but granted the motions as to the June, 1975, inspection. The basis of the Magistrate's order was his ruling that Miranda warnings should have been given each of the defendants during the second warehouse investigation, since a possibility then existed of eventual criminal prosecution.

Pursuant to Rule 5 of the Rules of Procedure for the Trial of Minor Offenses Before United States Magistrates,[1] the government subsequently moved for a rehearing de novo before this Court on the granting of

the motions to suppress the results of the June 1975 inspection. The government argues that the rehearing de novo is warranted because the June investigation, conducted under 21 U.S.C.A. § 374, was noncustodial. Defendants thereafter moved to dismiss the Motion for a Rehearing De Novo on the grounds that: (1) Magistrate's Rule 5 contains provisions which create substantive rights and is beyond the power of the Supreme Court to promulgate; (2) the rule as constituted denies defendants due process. Both parties have submitted memoranda in support of their motions.

It is undisputed that under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), warnings of certain constitutional rights must be given during custodial interrogations. It is also well-settled that warrantless searches are not permissible during certain regulatory investigations. United States v. Biswell, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972); see also Colonnade Catering Corp. v. United States, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970). The Supreme Court stated in the Biswell case, supra, that: "In the context of a regulatory inspection system of business premises that is carefully limited in time, place and scope, the legality of the search depends not on consent but on the authority of a valid statute." 406 U.S. at 315, 92 S.Ct. at 1596. The statute giving authority to inspect in this case is 21 U.S.C.A. § 374. In cases concerning FDA inspections, courts have consistently held that Miranda warnings need not be given by investigators conducting such inspections pursuant to the statute. See, e. g., United States v. Thriftimart, Inc., 429 F.2d 1006 (9th Cir. 1970), cert. denied, 400 U.S. 926, 91 S.Ct. 188, 27 L.Ed.2d 185; United States v. Acri Wholesale Grocery Co., 409 F.Supp. 529, 533 (S.D. Iowa 1976); United States v. Del Campo Baking Manufacturing Co., 345 F.Supp. 1371, 1397 (D.Del.1972); United States v. Dudgeon, 279 F.Supp. 300, 302 (D.Mass. 1967).

---

1. This rule provides in pertinent part: "A decision or order by a magistrate which, if made by a judge of the district court, could be appealed by the government under any provision or law, shall be subject to rehearing de novo by a judge of the district court upon motion for such rehearing filed with the magistrate by the attorney for the government within 10 days after the entry of the order."

■ Moreover, last term the Supreme Court reemphasized that *Miranda* warnings are necessary only in purely custodial settings. "*Miranda* warnings are required only where there has been such a restriction on a person's freedom as to render him 'in custody'." *Oregon v. Mathiason,* 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977). The Magistrate's September 1 order required *Miranda* warnings during the June, 1975 inspection, under the rule of *United States v. Leahey,* 434 F.2d 7 (1st Cir. 1970). The case relied on by the Magistrate involved investigations conducted by Internal Revenue Service agents. It was decided prior to the Supreme Court's recent decision in *Beckwith v. United States,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976), where a taxpayer not in custody was interviewed by I.R.S. agents. In holding that statements made by the taxpayer during the interview were admissible in a subsequent criminal proceeding against him even though he had not been given *Miranda* warnings, the Court stated:

An interview with government agents in a situation such as the one shown by this record simply does not present the elements which the *Miranda* Court found so inherently coercive as to require its holding. Although the "focus" of an investigation may indeed have been on [defendant] at the time of the interview . . . he hardly found himself in the custodial situation described by the *Miranda* Court as the basis for its holding. *Miranda* specifically defined "focus," for its purposes, as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his action in any significant way."

*Id.* at 347, 96 S.Ct. at 1616. Under the standard enunciated in *Beckwith, Miranda* warnings were not required during the June investigation of defendant's warehouse.

■ Since our reading of the prevailing law regarding administrative searches establishes that *Miranda* warnings were not required during the June, 1975 inspection,

the real issue before us is the scope of our review of the Magistrate's legal ruling to suppress. It has been held that "[t]he scope of appeal is the same as on an appeal from a judgment of a district court to a court of appeals." *United States v. Barbaro,* 369 F.Supp. 1302 (D.Mass.1974); *see also De-Costa v. Columbia Broadcasting System,* 520 F.2d 499 (1st Cir. 1975) (Aldrich, J., concurring). As such, we reverse the Magistrate's order on the ground the June, 1975 inspection was in conformity with 21 U.S. C.A. § 374 and was noncustodial. We need not grant a rehearing *de novo* to consider the factual questions involved in the case. Thus, we need not reach the constitutional claims raised by defendants regarding Rule 5, *supra.* We do, however, flatly reject their suggestion that the proper route for the Government's appeal is the Court of Appeals rather than the District Court. To the contrary, the Court of Appeals lacks jurisdiction to hear direct appeals made from decisions of United States magistrates. *United States v. Haley,* 541 F.2d 678 (8th Cir. 1974).

Accordingly, an Order will be entered reversing the Magistrate's ruling.